UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE A. LOVETT-PARSONS and ROBERT J. PARSONS, <br>     Plaintiffs, <br> v. <br><br> RONALD R. PINHEIRO and RICHARD A. PARI, <br>     Defendants. | CIVIL ACTION NO. <br><br> 04cv40057 NMG <br><br> Formerly: <br> Worcester Superior Court <br> C.A. No. 04-0340C |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 2679(d)(2), Defendant United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby gives notice of its removal of this lawsuit to the United States District Court for the District of Massachusetts. As grounds for removal, defendant states as follows:

1. The Plaintiffs filed the instant action in the Worcester Superior Court Department of the Trial Court of Massachusetts on or about February 23, 2004, Civil Action No. 04-0340-C.

2. The instant complaint alleged injuries as a result of conduct occurring between federal employees at the Federal Medical Center in Devens, Massachusetts.

3. On April 19, 2004, the United States Attorney for the District of Massachusetts certified that the defendants, Richard Pari and Ronald Pinheiro, were acting within the scope of their employment at the time of the incident in question pursuant to 28 U.S.C. § 2679(d)(1) and (2), and 28 C.F.R. § 15.3.

4. Consequently, this action is removable to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 2679(d)(2) which provides:

Upon certification by the Attorney General that the defendant employee was

-1-

acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond <u>at any time before trial</u> by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2) (emphasis added).

5. The filing of this notice is not a waiver of any rights or defenses that may be available to the defendant.

6. A certified copy of the state court record will be requested and shall be filed upon receipt.

> The defendant,
> UNITED STATES OF AMERICA,
>
> By its attorneys,
> MICHAEL J. SULLIVAN
> United States Attorney
>
> _____
> MARK J. GRADY
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> Tel. No. (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 22th day of April 2004 service of the foregoing Notice of Removal to United States District Court for the District of Massachusetts has been made upon the following by depositing a copy in the United States mail, postage prepaid to: Robert Stone, Esq., PO Box 183, South Deerfield, MA 01373.

_____
Mark J. Grady
Assistant United States Attorney

# COVER SHEET

County: ___

**PLAINTIFF(S)** Laurie Lovett-Parsons and Robert J. Parsons

**DEFENDANT(S)** Ronald R. Pinheiro and Richard A. Poci

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Robert F. Stone, Esquire
P.O. Box 183, South Deerfield, MA 01373

**ATTORNEY (if known)**

Board of Bar Overseers number: ___

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | | ( ) | (✓) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Following accident are estimated and still growing

A. Documented medical expenses to date:
1. Total hospital expenses ............... $ 7,000.00
2. Total Doctor expenses ................ $ 2,000.00
3. Total chiropractic expenses .......... $
4. Total physical therapy expenses ...... $
5. Total other expenses (describe) ...... $

Subtotal $

B. Documented lost wages and compensation to date ........ $ 100,000.00+
C. Documented property damages to date ................. $
D. Reasonably anticipated future medical and hospital expenses ...... $
E. Reasonably anticipated lost wages ................... $
F. Other documented items of damages (describe)
$

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Post traumatic stress disorder and severe emotional distress resulting in total disability and physical harm, manifested by objective symptomatology with bodily harm resulting from such distress.

TOTAL $ 109,000.00
To Date Estimate

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 2/23/2004

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

mctr 2/23/04

## CIVIL ACTION COVER SHEET INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence-personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death, G.L. c.229, s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L. c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L. c. 30A (X)
- E03 Action against Commonwealth Municipality, G.L. c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L. c.149,s.29,29a (A)
- E11 Workmen's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

# The Commonwealth of Massachusetts
## DEPARTMENT OF THE TRIAL COURT

Worcester, ss

SUPERIOR COURT DEPARTMENT

CIVIL ACTION NO: 04-0340 C

LAURIE A. LOVETT-PARSONS and
ROBERT J. PARSONS,
         PLAINTIFFS,

v.

RONALD R. PINHEIRO and RICHARD A. PARI,

         DEFENDANTS

FILED

FEB 23 2004

ATTEST:
[signature]
Clerk

## COMPLAINT
### PRELIMINARY STATEMENT

1. The plaintiffs Laurie A. Lovett-Parsons (hereinafter referred to as "Plaintiff Lovett-Parsons"), and her spouse Robert J. Parsons (hereinafter referred to as "Plaintiff Parsons") bring this action for damages against the defendants Ronald R. Pinheiro (hereinafter referred to as "Defendant Pinheiro) and Richard A. Pari (hereinafter referred to as "Defendant Pari) jointly and severably for false imprisonment of Plaintiff Lovett-Parsons and intentional infliction of emotional distress upon her, and loss on consortium by Plaintiff Parsons.

2. This action is brought against the Defendants because on March 10, 2001 they falsely imprisoned Plaintiff Lovett-Parsons without a privilege to do so, and by their extreme and outrageous conduct intentionally caused her severe emotional stress that has resulted in physical harm to her manifested by objective symptomatology with bodily harm resulting from such distress.

1

3. As a result of the Defendants' intentional tortious acts against Plaintiff Lovett-Parsons her spouse, Plaintiff Parsons has suffered, and continues to suffer, loss of consortium..

## FACTS COMMON TO ALL COUNTS

4. The Plaintiffs Lovett-Parsons, and her spouse Plaintiff Parsons, are natural persons residing at 675 Reservoir Road, Lunenburg, Worcester County, Massachusetts 01462.

5. Defendant Ronald R. Pinheiro is a natural person who is presently believed to reside at 18 Mina Road, Oakdale, Suffolk County, New York 11769 and at all times material hereto was employed in the Commonwealth of Massachusetts at the Federal Medical Center, Devens, Worcester County, Massachusetts where he falsely imprisoned the Plaintiff Lovett-Parsons and intentionally inflicted severe emotional distress upon her that resulted in physical harm manifested by objective symptomatology with bodily harm resulting from such distress.

6. Defendant Richard A. Pari is a natural person who is presently believed to reside at 54 Middle Street, Worcester County, Leominster, Massachusetts 01453 and all times material hereto was employed in the Commonwealth of Massachusetts at the Federal Medical Center, Devens, Worcester County, Massachusetts where he falsely imprisoned the Plaintiff Lovett-Parsons and intentionally inflicted severe emotional distress upon her that resulted in physical harm manifested by objective symptomatology with bodily harm resulting from such distress.

7. Defendants Pinheiro and Pari are subject to the jurisdiction of this court pursuant to Mass. Gen. L. ch. 223A, § 3 because the alleged acts took place within the Commonwealth of Massachusetts.

8. On March 10, 2001 at approximately 1:30 P.M. Plaintiff Lovett-Parsons entered an elevator in the outpatient clinic of the Federal Medical Center, Devens, Worcester, County, Massachusetts

2

9. Plaintiff Lovett-Parsons was intentionally and unjustifiably confined in the elevator by Defendants Penheiro and Pari who was the Hospital Control Center Officer at that time.

10. The Plaintiff Lovett-Parsons was conscious of the intentional and unjustified confinement imposed upon her by the Defendants.

11. The Plaintiff Lovett-Parsons was harmed by the intentional and unjustified confinement and restraint the Defendants placed upon her.

12. During her confinement and subsequent release of Plaintiff Lovett-Parsons the Defendants verbally taunted her, yelled at her, made gestures at her, and followed her.

13. The Defendants' actions caused Plaintiff Lovett-Parsons to suffer severe emotional distress that resulted in physical harm to her manifested by objective symptomatology with bodily harm resulting from such distress.

14. The emotional distress suffered by Plaintiff Lovett-Parsons resulted in physical harm manifested by objective symptomatology with bodily harm resulting from such distress has caused Plaintiff Lovett-Parsons to suffer loss of income, financial hardship, damaged her family relations, and caused her spouse Plaintiff Lovett-Parsons to suffer loss of consortium.

15. This is an action for damages which exceeds $25,000.00.

## COUNT 1
### FALSE IMPRISONMENT

16. The Plaintiffs Lovett-Parsons and Parsons repeat and reallege the allegations contained in Paragraphs 1 through 15 as if fully stated and hereby incorporate the same by reference.

17. The Defendants' intentional and unjustified confinement of Plaintiff Lovett-Parsons caused her to suffer post traumatic stress disorder which has caused Plaintiff Lovett-Parsons severe emotional distress and physical harm resulting in total disability and loss of employment.

18. The Defendants' actions have resulted in significant negative impact on Plaintiff Lovett-Parsons ability to work as a registered nurse causing her severe financial injury and emotional

3

and physical harm that has negatively effected the financial well being of her entire family and family relations.

19. WHEREFORE, Plaintiffs demand judgment for damages against the Defendants for compensatory, consequential, and actual damages plus costs and attorney fees.

## COUNT 2
### INTENTIONAL INFLICTION OF EMOTIONAL STRESS.

20. The Plaintiffs Lovett-Parsons and Parsons repeat and reallege the allegations contained in Paragraphs 1 through 19 as if fully stated and hereby incorporate the same by reference.

21. The Defendants intentionally tormented, harassed, and abused the Plaintiff Lovett-Parsons when they knew she was vulnerable to anxiety and stress causing her severe emotional stress when they were not privileged to do so, thereby, causing the Plaintiff Lovett-Parsons to suffer post traumatic stress disorder which has caused her severe emotional distress and physical harm resulting in her total disability and loss of employment.

22. The Defendants' actions resulted in a significant negative impact on Plaintiff Lovett-Parsons ability to work as a registered nurse causing her severe financial injury and emotional and physical harm that has negatively affected the financial well being of her entire family and family relations.

23. The Defendants' actions were extreme and outrageous and not tolerated by society.

24. WHEREFORE, Plaintiffs demand judgment for damages against the Defendants for compensatory, consequential, and actual damages plus costs and attorney fees.

## COUNT 3
### LOSS OF CONSORTIUM

25 The Plaintiffs Lovett-Parsons and Parsons repeat and reallege the allegations contained in Paragraphs 1 through 24 as if fully stated and hereby incorporate the same by reference.

26. Defendants Penheiro and Pati intentionally caused Plaintiff Lovett-Parsons spouse, Plaintiff Parsons, to suffer loss of consortium by the false imprisonment of his spouse Plaintiff Lovett-Parsons, and their intentional infliction of emotional distress upon her.

27. Defendants Penheiro and Pari intentionally and negligently caused Plaintiff Lovett-Parsons' spouse to suffer emotional stress that has resulted in physical harm manifested by objective symptomatology.

28. WHEREFORE, the Plaintiffs request this Court to:

    (a) Enter judgment against the Defendants jointly and severally;

    (b) Award the Plaintiffs actual damages;

    (c) Award the Plaintiffs compensatory damages;

    (d) Award the Plaintiffs consequential damages;

    (e) Award costs and attorney fees; and

    (f) Award any other damages to the Plaintiffs the Court deems just and proper.

PLAINTIFF CLAIMS TRIAL BY JURY
AS TO ALL CLAIMS TRIABLE
Respectfully Submitted
By Plaintiffs Attorney
Robert F. Stone, Esquire

Dated: February 23, 2004    Signed: _____

Robert F. Stone, Esquire
Attorney at Law
P.O. Box 183
South Deerfield, MA 01373
(413)369-4421
B.B.O. #: 644258

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Laurie A. Lovett-Parsons and Robert J. Parsons v. Ronald R. Pinheiro and Richard A. Pari

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    _X_   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

    04 CV 40057 NMG

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                           YES ☐        X NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                           YES ☐        X NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                           YES ☐        NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                           YES ☐        X NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                           X YES        NO

       A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

            EASTERN DIVISION        CENTRAL DIVISION  X        WESTERN DIVISION

       B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

            EASTERN DIVISION        CENTRAL DIVISION ☐        WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Mark Grady
ADDRESS   U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02110
TELEPHONE NO.   (617) 748-3136

(CategoryForm.wpd - 11/27/00)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Laurie A. Lovett-Parsons and Robert J. Parsons

## DEFENDANTS
Ronald Pinheiro and Richard A. Pari

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Robert Stone, Esq.
P.O. Box 183
South Deerfield, MA 01373

Attorneys (If Known)
Mark Grady
U.S. Attorney's Office
One Courthouse Way
Boston, MA 02210

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane / 362 Personal Injury – Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability / 365 Personal Injury – Product Liability | 625 Drug Related Seizure of Property 21 USC | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine / PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability / 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury / 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence Habeas Corpus: | 864 SSID Title XVI | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | | 535 Death Penalty | 870 Taxes (U.S. Plaintiff or Defendant) | |
| 245 Tort Product Liability | 444 Welfare | 540 Mandamus & Other | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 440 Other Civil Rights | 550 Civil Rights | 871 IRS - Third Party 26 USC 7609 | 890 Other Statutory Actions |
| | | 555 Prison Condition | 730 Labor/Mgmt. Reporting & Disclosure Act | |
| | | | 740 Railway Labor Act | |
| | | | 790 Other Labor Litigation | |
| | | | 791 Empl. Ret. Inc. Security Act | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 2679 (d)(2) False Imprisonment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 4-22-04
SIGNATURE OF ATTORNEY OF RECORD

---

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.