𝕿𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝖔𝖋 𝕬𝖒𝖊𝖗𝖎𝖈𝖆
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NO: 04SCV-40057 NMG

LAURIE A. LOVETT-PARSONS and
ROBERT J. PARSONS,
    PLAINTIFFS,

v.                                              Date: June 2, 2004

UNITED STATES, SUBSTITUTED for
RONALD R. PINHERIO and RICHARD A.
PARI,

    DEFENDANTS

### PLAINTIFFS' ASSENTED TO MOTION FOR A HEARING TO DETERMINE SCOPE OF EMPLOYMENT AND STATUS HEARING

NOW COME THE PLAINTIFFS, Laurie Lovett-Parsons and her husband Robert J. Parsons (hereinafter referred to as the "Plaintiffs"), and states that Defendants Ronald R. Pinherio and Richard A. Pari (hereinafter referred to as the "Defendants") were not acting within the scope of their employment when they committed the intentional torts of false imprisonment and intentional and negligent infliction of emotional distress upon Plaintiff Laurie Lovett-Parsons as certified by the District of Massachusetts U.S. Attorney's April 22, 2004 "Notice of Substitution" and certification

Because the Plaintiffs' motion is based on the fact that the Defendant's were acting outside the scope of their employment as federal employees when they committed the aforementioned torts upon Plaintiff Laurie Lovett-Parsons, and substituting the United States as

1

defendant is most likely determinative in this case and will leave the Plaintiffs without a course of action, the Plaintiffs request that the court conduct a hearing to determine the scope of the Defendants' employment at the time of their alleged acts as permitted by Nasuti v. Scannell, 792 F.2d 264 (U.S. App., 1986). And, if the court determines the Defendants were acting outside of the scope of their employment at the time of the alleged torts set aside the U.S. Attorney's certification and substitution of the United States as the defendant.

In accordance with Local Rule 7.1 the undersigned certifies that on May 4, 2004, May 26, 2004, and June 1, 2004 he conferred with the defendants' counsel, Assistant U.S. Attorney Mark J. Grady, Esq., and that they agreed to allow the Plaintiff 60 days from April 22, 2004 to file this response and motion, and that both parties agree that the Plaintiffs are entitled to a hearing and discovery to determine the scope of employment as established by Nasuti v. Scannell, 792 F.2d 264 (U.S. App., 1986). Therefore, the Defendants assent to the Plaintiffs' request for a hearing before the court to determine the scope of their employment at the time they committed the alleged torts. Also, both the Plaintiffs and Defendants request a status hearing to establish a discovery schedule for the scope of employment hearing.

Dated: June 2, 2004

Respectfully Submitted
By Plaintiffs Attorney
Robert F. Stone, Esquire

Signed: _____
Robert F. Stone, Esquire
Attorney at Law
P.O. Box 183
South Deerfield, MA 01373
(413)369-4421
B.B.O. #: 644258

2

## CERTIFICATE OF SERVICE

I, Robert F. Stone, Esq., hereby certify that on the 2nd day of June 2004 service of the foregoing "Plaintiff's Assented to Motion for a Hearing to Determine Scope of Employment and Status Hearing" has been made upon the following by depositing a copy in the United States mail, first class postage prepaid to:

Mark J. Grady, Esq.
Assistant United States Attorney
Suite 9200
1 Courthouse Way
Boston, MA 02210

Clerk of the Court
U.S. District Court
Donohue Federal Building
595 Main Street
Room 502
Worcester, MA 01608

Dated: June 2, 2004

Robert F. Stone
Attorney