UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURIE A. LOVETT-PARSONS and ROBERT J. PARSONS, | ) ) | CIVIL ACTION |
| Plaintiffs, | ) | NO. 04-40057-NMG |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) | Formerly: |
| Defendants. | ) ) | Worcester Superior Court C.A. No. 04-0340C |

**UNITED STATE'S ASSENTED TO MOTION TO CONTINUE THE TIME TO FILE AN ANSWER OR OTHER RESPONSIVE PLEADING PENDING THE RESOLUTION OF THE PLAINTIFFS' CHALLENGE TO THE UNITED STATE'S CERTIFICATION OF SCOPE OF EMPLOYMENT**

The Plaintiffs allege that Laurie Lovett-Parsons was falsely imprisoned in an elevator at the Federal Medical Center in Devens, Massachusetts. Pursuant to 28 U.S.C. §§ 2679(d)(2) ("The Westfall Act"), Defendant United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, filed a certification that the named individual defendants were acting within the scope of their employment at the time of the alleged incident.

The Plaintiff has challenged the issuance of the scope certification and has requested an evidentiary hearing as provided in <u>Nasuti v. Scannell</u>, 906 F.2d 802, 812-813 (1st Cir.1990).

The United States hereby requests that the time to file its answer or other responsive pleading be extended until such time as the Plaintiff's challenge has been resolved.

In support of the motion, the United States states that the resolution of the Plaintiff's motion is substantially likely to resolve the United States' interest in the instant matter. Should this Court determine that the United States has improperly issued the certificate, the original named defendants will be re-substituted for the United States and the matter may be remanded to state court. Conversely, should this Court determine that the scope certification was properly

issued, the United States would move to dismiss the action for lack of subject matter jurisdiction in that the Plaintiffs have not submitted an administrative claim.  See 28 U.S.C. § 2675(a).

Thus, it is premature for the United States to answer or otherwise respond to the Plaintiff's Complaint until it is determined whether the United States is the appropriate defendant.

Wherefore, the United States moves that the time to file an answer or other responsive pleading be extended until such time as the Plaintiffs' challenge to the issuance of the scope certification in this matter is resolved.

> Respectfully submitted,
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ Mark J. Grady
> MARK J. GRADY
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA   02210
> Tel. No. (617) 748-3136

**Certificate of Compliance With L.R. 7.1**

Plaintiff's counsel has assented to this motion.
/s/ Mark J. Grady
Mark J. Grady
Assistant United States Attorney

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 21st day of June 2004 service of the foregoing Notice of Removal to United States District Court for the District of Massachusetts has been made upon the following by depositing a copy in the United States mail, postage prepaid to: Robert Stone, Esq., PO Box 183, South Deerfield, MA 01373.

> /s/ Mark J. Grady
> Mark J. Grady
> Assistant United States Attorney