UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURIE A. LOVETT-PARSONS and ROBERT J. PARSONS, | ) ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) ) | NO. 04-40057-FDS |
| UNITED STATES OF AMERICA, | ) | Formerly: |
| Defendants. | ) ) | Worcester Superior Court C.A. No. 04-0340C |

**JOINT PROPOSED DISCOVERY SCHEDULE**

The Plaintiff, Laurie Lovett-Parsons, a nurse at the Federal Medical Center - Devens ("FMC-Devens") brought the present action in state court against two co-employees, Ronald Pinheiro and Richard Pari, alleging false imprisonment and intentional infliction of emotional distress. The United States removed the matter to this Court and the United States was substituted as the defendant pursuant to 28 U.S.C. §2679.

The Plaintiff has contested the validity of the United States Attorney's certification of scope of employment issued pursuant to 28 U.S.C. §2679. Thus, the instant claim comes before this Court pursuant to the hearing requirements established under <u>Nasuti v. Scannell</u>, 906 F.2d 802 (1st Cir. 1990). Pursuant to that decision, the Plaintiff is entitled to request an evidentiary hearing, and conduct limited discovery, as to whether the Defendants, Pari and Pinhiero, were acting within the scope of their employment.

The parties have conferred and would propose conducting depositions of the Plaintiff, Pari and Officer Bryan Infantimo (who witnessed the incident). The Defendant has also agreed to provide job descriptions for the named individual defendants, any log book relative to the elevator, and any manual outlining FMC-Devens policy and procedures as to the elevators.

The parties have agreed to allow additional discovery, determined to be necessary upon

the completion of the forgoing.

The defendant has not agreed to produce the employment file of Pinhiero as it does not believe it to be relevant to the limited issue presented, whether the conduct alleged was within the scope of employment as defined by Massachusetts law.

The parties anticipate that the foregoing discovery could be completed in ninety days.

The parties have undertaken preliminary discussions to present this matter to the court on stipulated facts. Upon the completion of the foregoing discovery, the parties will endeavor to winnow the disputed factual issues and submit appropriate memoranda.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

    /s/ Mark J. Grady
    MARK J. GRADY
    Assistant U.S. Attorney
    U.S. Attorney's Office
    John Joseph Moakley U.S. Courthouse
    1 Courthouse Way, Suite 9200
    Boston, MA  02210
    Tel. No. (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 29th day of July 2004 service of the foregoing Motion has been made upon the following by hand to: Robert Stone, Esq., PO Box 183, South Deerfield, MA 01373.

    /s/ Mark J. Grady
    Mark J. Grady
    Assistant United States Attorney