UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURIE A. LOVETT-PARSONS and<br>ROBERT J. PARSONS,<br><br>       Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04-40057-FDS<br><br><br><br><br>Formerly:<br>Worcester Superior Court<br>C.A. No. 04-0340C |

### UNITED STATES' MEMORANDUM AS TO THE IMPLICATIONS OF THIS COURT'S DECISION AS TO SCOPE OF EMPLOYMENT UNDER THE WESTFALL ACT

The Plaintiff, Laurie Lovett-Parsons, a nurse at the Federal Medical Center - Devens ("FMC-Devens") and her husband brought the present action in state court against two co-employees, Ronald Pinheiro and Richard Pari, alleging false imprisonment and intentional infliction of emotional distress.

The United States removed the matter to this Court and the United States was substituted as the defendant pursuant to 28 U.S.C. §2679. The Plaintiff has contested the validity of the United States Attorney's certification of scope of employment issued pursuant to 28 U.S.C. §2679. Thus, the instant claim comes before this Court pursuant to the hearing requirements established under Nasuti v. Scannell, 906 F.2d 802 (1st Cir. 1990). Pursuant to that decision, the Plaintiff is entitled to request an evidentiary hearing, and conduct limited discovery, as to whether the Defendants, Pari and Pinhiero, were acting within the scope of their employment.

At the scheduling conference for discovery relative to the Plaintiff's challenge, this Court requested that the United States provide a brief memorandum outlining the implications of the Court's decision as to scope, including the effect of the Federal Employees' Compensation Act

(FECA), 5 U.S.C. §§ 8101-8193, on the Plaintiffs' claims. The Defendant, United States, provides this brief memorandum in response to Court's request.

As agreed by the parties, this Court's decision as to the issue of scope is dispositive of any federal interest in this litigation. Should this Court determine that the actions alleged were outside the scope of employment, the individual defendants would be re-substituted. At that point, the matter would be a tort claim between private parties and would be subject to remand to state court pursuant to 28 U.S.C. §1367(c)(3) (allowing remand where claims over which the court has original jurisdiction have been dismissed).

Should this Court uphold the certification, however, the Plaintiffs' claims will be barred by FECA. FECA is an equivalent of state Worker's Compensation laws, providing a remedy for federal employees injured as a result of their employment. It is undisputed that the Plaintiff has sought and obtained benefits under FECA as a result of the incident alleged in this matter. The remedy provided under that act is the exclusive remedy against the United States. See 5 U.S.C. § 8116(c) ("[t]he liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury or death of an employee is <u>exclusive and instead of all other liability</u> of the United States.")(emphasis added).

Thus, by the clear meaning of the statute, should this Court uphold the scope certification, the Plaintiff's tort claims would be barred.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
Tel. No. (617) 748-3136

**Certificate of Service**

IT IS HEREBY CERTIFIED that on this 2nd day of August 2004 service of the foregoing Motion has been made upon the following by mail to: Robert Stone, Esq., PO Box 183, South Deerfield, MA 01373.

 /s/ Mark J. Grady
Mark J. Grady
Assistant United States Attorney