UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURIE A. LOVETT-PARSONS and <br> ROBERT J. PARSONS, <br>     Plaintiffs, <br> v. <br> <br> RONALD R. PINHEIRO and <br> RICHARD A. PARI, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 04-40057-FDS <br> <br> <br> <br> Formerly: <br> Worcester Superior Court <br> C.A. No. 04-0340C |

### AGREED UPON WITHDRAWAL OF THE PLAINTIFF'S CHALLENGE TO THE UNITED STATES ATTORNEY'S SCOPE CERTIFICATION AND AGREEMENT FOR DISMISSAL

After reasonable discovery, the parties stipulate that on March 10, 2001, Ronald Pinheiro and Officer Brian Infantino participated in what Pinheiro and Infantino described as a "joke" upon the Plaintiff, Laurie Lovett-Parsons, by failing to immediately move an elevator, controlled from a guard station outside the elevator, in the FMC-Devens Health Services Unit. Their actions caused Ms. Lovett Parsons to be confined against her will in the elevator of the FMC-Devens Health Services Unit for a period of time, by testimony of Ronald Pinheiro and Ms. Lovett Parsons, between just under one minute and fifteen minutes. The testimony reflects, and the parties stipulate, that the control of the elevator in question was within the regularly performed duties of corrections officers and medical staff. It is the position of the United States, however, that practical jokes are not encouraged or part of the officially described duties of any member of the FMC-Devens staff. The parties further stipulate that Richard Pari had no involvement in the incident in question and was not on the scene when it occurred.

The parties further stipulate that the testimony given by way of deposition (including any errata sheets) by the witnesses deposed, Laurie Lovett Parsons, Ronald Pinheiro and Brian Infantino, truly and accurately reflects the testimony that those individuals would have provided at a hearing on the merits of the Plaintiff's challenge to the issuance of scope certification by the United States Attorney.

Based upon the above facts, the parties agree that: (1) the scope certification was appropriate; (2) the United States is appropriately substituted as the party defendant under 28 U.S.C. §§ 2675 and 2679; (3) the Plaintiff's tort[1] claims are time barred by the two year statute of limitations of the Federal Tort Claims Act, 28 U.S.C. §2671 et seq., which requires a tort claim to be filed with the appropriate federal agency within two years after the incident giving rise to the claim occurs.

As a result of the foregoing, the claim should be dismissed.

| | |
|---|---|
| Respectfully submitted<br>ROBERT STONE | Respectfully submitted,<br>MICHAEL J. SULLIVAN,<br>UNITED STATES ATTORNEY |
| /s/Robert F. Stone by Mark Grady<br>Robert F. Stone, Esq.<br>Cooledge & Lauro<br>80 Maple Street<br>Springfield, MA 0110056<br>(413) 732-1188 | BY:   /s/ Mark J. Grady<br>Mark J. Grady<br>Assistant U. S. Attorney<br>United States Courthouse, Suite 9200<br>1 Courthouse Way<br>Boston, MA   02210<br>(617) 748-3100 |

---

[1] For purposes of clarity, this stipulation does not extend to, or cover, any claims of discrimination.